Saul S. Streit, J.
Petitioner, the widow of a teacher who died in May, 1962, seeks an order (Civ. Prac. Act, art. 78) directing respondent, Teachers’ Retirement Board of the City of New York, to pay her a lump sum which she claims she is entitled to receive under section 245 of the Military Law and the 1961 amendment (L. 1961, ch. 948) of section B20-41.0 (subd. 2) of the Administrative Code of the City of New York.
Section 245 entitled “ Retirement allowances of certain war veterans ” (emphasis the court’s), permits a member of the teachers’ retirement system who is an honorably discharged member of the armed forces of the United States who has served as such during ‘‘ time of war ’ ’, after attaining the age of 50 years to retire upon written application to the retirement board, provided that he shall have completed at least 25 years of allowable service. The section goes on to provide for the computation of the annuity and pension payable to such retiring member on condition, however, that ‘ ‘ the said member on making application for retirement shall pay into the retirement fund a sum of money which calculated on an actuarial basis, together with his prior contributions and other accumulations in said fund then to his credit, shall be sufficient to entitle the said member to the same annuity and pension that he would have received had he remained in the service of the city until he had attained the age at which he otherwise would have first become eligible for service retirement ” (emphasis supplied).
*1026 At the time of the death of petitioner’s husband, he was an honorably discharged member of the armed forces who had served during time of war. He was slightly under 52 years of age when he died, and he had completed over 25 years of allowable service. However, he had never applied for retirement under section 245 nor had he made the payment required by that section.
Petitioner contends that no such application was required in view of the provisions of the 1961 amendment of the Administrative Code, previously referred to. That amendment to section B20-41.0 (subd. 2) of the code provides, in part, that “In the event that a contributor, who would be eligible for retirement by reason of service and/or superannuation, dies while in service before filing with such board an application for retirement * * * he shall nevertheless be deemed to have been retired and to have become entitled to a retirement allowance effective on the day immediately preceding his death ” (emphasis supplied). This amendment is commonly known as the Conklin Death Gamble Law. The purpose of the enactment was to encourage teachers to remain in service after becoming eligible for retirement. Prior to the amendment, teachers were reluctant to continue in service after reaching retirement age because, if they died thereafter, while in service, their beneficiaries would receive only their contributions with interest and approximately one year’s salary, whereas had they retired their beneficiaries could in most instances receive a larger amount.
Unfortunately for petitioner, however, the amendment to section B20-41.0 (subd. 2) is expressly limited to contributors “ eligible for retirement by reason of service and/or superannuation ’ ’. The title of the amended section is ‘1 Retirement; service and superannuation ” (emphasis supplied). Subdivision 1 of the section permits a member to retire if he is at least 65 years of age, or if he is a “ present teacher ’ ’ with a total of at least 35 years of service, or if he is a “ new entrant ” with a total of 35 years of service (of which at least 20 shall have been city service) or if he has reached the age of 55 years and has completed 30 years of service. Section B20-45.0, entitled “ Special provisions on retirement of teachers for service and allowances thereon ” (emphasis supplied), permits any teacher to retire after completion of 30 years of service and to receive a special lesser retirement allowance. The words ‘‘ retirement by reason of service ’ ’ in the 1961 amendment obviously refer to the provision of the preceding subdivision of section B20-41.0 which, as previously observed, is entitled “ Retirement; service and superannuation ”, and to the provision of section B20-45.0 which permits retire *1027 ment after 30 years of service under certain conditions, that section being entitled: “ Special provisions on retirement of teachers for service and allowances thereon”. <£ Retirement for service ”, within the meaning of the Administrative Code, is retirement for service under the provisions of sections B20-41.0 and B20-45.0 of the code.
This interpretation of the meaning of the words £ £ retirement for service ” is confirmed by the wording of section 245 of the Military Law, upon which petitioner bases her claim. That section entitles an applicant for retirement thereunder to a pension equal “ to the present value of the pension that would have become payable had he continued at his current salary to the age at which he would have first become eligible for service retirement ” (emphasis supplied), upon condition that he pay in an amount sufficient to entitle him to the same annuity and pension ££ that he would have received had he remained in the service of the city until he had attained the age at which he otherwise would have first become eligible for service retirement ” (emphasis supplied). Thus, section 245 twice uses the words “for service retirement” as meaning voluntary retirement under the contingencies provided for in the Administrative Code. An additional circumstance tending to indicate that the 1961 amendment is not applicable to those eligible to retirement under section 245 is that the amendment refers to the options available to those retiring for service under the code provisions, whereas an applicant for retirement under section 245 is not given any such options. Retirement because of being a war veteran is not retirement for service as that term is used in the code.
It may be that the limitation of the benefits of the 1961 amendment to those eligible for retirement under the code provisions was inadvertent. Nevertheless, as the amendment is presently worded, it appears to the court to be limited to those entitled to retirement for service as that term is defined and used in the Administrative Code, of which the amendment has become a part. Possibly the fact that section 245 requires the member, as a condition of obtaining the benefits thereof, to pay into the retirement fund the amount specified therein is a reason for the Legislature’s failure to extend the benefits of the amendment to those eligible to retire under section 245. No provision for or reference to the payment required by that section is contained in the 1961 amendment. For the reasons indicated, this motion is denied.